L.B.F. 3015.1-1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

In re:                       Case No.: __**24-12201**__

ANDREW ROBERT MCLELLAN      Chapter:     13

Debtor(s)

## Chapter 13 Plan

**X** Original
☐ _____ Amended

Date: __07/11/2024__

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5. **This Plan may be confirmed and become binding, unless a written objection is filed.**

### IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE OF MEETING OF CREDITORS.

### Part 1: Bankruptcy Rule 3015.1 Disclosures

**X** Plan contains non-standard or additional provisions – see Part 9
    Plan limits the amount of secured claim(s) based on value of collateral
    Plan avoids a security interest or lien

### Part 2: Payment and Length of Plan

**§ 2(a)(1) Initial Plan:**
    **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ _____
    Debtor shall pay the Trustee $ _____ per month for ____ months; and
    Debtor shall pay the Trustee $ _____ per month for ____ months.
    ☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(a)(2) Amended Plan:**
    **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ _____
    The Plan payments by Debtor shall consists of the total amount previously paid ($_____) added to the new monthly Plan payments in the amount of $_____ beginning _____ (date) for ____ months.
    ☐ Other changes in the scheduled plan payments are set forth in § 2(d)

§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

§ 2(c) Use of real property to satisfy plan obligations:
☐ Sale of real property
  See § 7(c) below for detailed description

☐ Loan modification with respect to mortgage encumbering property:
  See § 7(d) below for detailed description

§ 2(d) Other information that may be important relating to the payment and length of Plan:

## Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
|   |   |   |

§ 3(b) **Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

X None. If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Amount of claim to be paid |
|---|---|
|   |   |
|   |   |

## Part 4: Secured Claims

### § 4(a) Curing Default and Maintaining Payments

**X None.** If "None" is checked, the rest of § 4(a) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### § 4(b) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

**X None.** If "None" is checked, the rest of § 4(b) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### § 4(c) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506
**X None.** If "None" is checked, the rest of § 4(c) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

    (1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

    (2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
| | | | ____ % | $ ____ |
| | | | ____ % | $ ____ |

### § 4(d) Surrender
**X None.** If "None" is checked, the rest of § 4(d) need not be completed.

    (1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

    (2) The automatic stay under 11 U.S.C. § 362(a) with respect to the secured property terminates upon confirmation of the Plan.

    (3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
| | |

## Part 5: Unsecured Claims

### § 5(a) Specifically Classified Allowed Unsecured Non-Priority Claims
**X None.** If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be paid |
|---|---|---|---|---|
| | | | | |

### § 5(b)  All Other Timely Filed, Allowed General Unsecured Claims

(1) Liquidation Test *(check one box)*

☐ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4)

(2) **Funding: § 5(b) claims to be paid as follows *(check one box)*:**

☐ Pro rata
☐ 100%
☐ Other (Describe)

## Part 6:  Executory Contracts & Unexpired Leases

**X None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|
|  |  |  |

## Part 7:  Other Provisions

### § 7(a)  General Principles Applicable to The Plan

(1) Vesting of Property of the Estate *(check one box)*
☐ Upon confirmation
☐ Upon discharge

(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

### § 7(c) Sale of Real Property

**X** None. If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of _____ (the "Real Property") shall be completed within _____ months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

### § 7(d) Loan Modification
**X None.** If "None" is checked, the rest of § 7(d) need not be completed.

    (1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

    (2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $_____per month, which represents _____ (*describe basis of adequate protection payment*). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

    (3) If the modification is not approved by _____(date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

    **Level 1:** Trustee Commissions*
    **Level 2:** Domestic Support Obligations
    **Level 3:** Adequate Protection Payments
    **Level 4:** Debtor's attorney's fees
    **Level 5:** Priority claims, pro rata
    **Level 6:** Secured claims, pro rata
    **Level 7:** Specially classified unsecured claims
    **Level 8:** General unsecured claims
    **Level 9:** Untimely filed, allowed general unsecured claims

*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Non Standard or Additional Plan Provisions

**None.** If "None" is checked, the rest of § 9 need not be completed.

In accordance with and presented under authority of HJR 192 of 5 June 1933, Public Law 73-10, UCC § 3-419, UCC § 3-I04(c), and Registered Adjustment of Account; Trustee/Bailor/Secured Party-Creditor on behalf of the Estate hereby issue Letter of Advice and Bill Of Exchange for the following accounts for Full Discharge, Settlement, and Restoration of the Record.

Each Bill Of Exchange listed value totals; declared account payment in full (listed below), 1 additional monthly payment to cover daily pro rata expenses through to end of July, month 07 - 08, (where applies), 10% processing/servicing fee for The Office of the Trustee, and 10% processing/servicing fee for The Eastern District of Pennsylvania, United States Bankruptcy Court. Copies of the B.O.E. have been attached to this Payment Plan. As Fiscal Agent for The United States of America, B.O.E. originals have been delivered directly to the Judge's Chambers, guaranteeing Safe Passage to The United States Treasury.

If additional claims arise or listed claim amounts are incorrect, supplemental BOE will be issued by the Trustee/Bailor/ Secured Party-Creditor on behalf of the Estate which will include 10% processing/servicing fee for OOTT and USBC.

BOE #1
1.    Navy Federal Credit Union – Account #8029225409 – $2,471,404.00
2.    Navy Federal Credit Union – Account #8032656863 – $496,801.00

Total $2,968,205.00 + $296,820.50 + $296,820.50 = $3,561,846.00

BOE #2
1.    Huntington Bank – Account #20-200062643430 – $25,000.00
2.    Internal Revenue Service – Account # \*\*\*\*0710 – $250,000.00
3.    Amelia Investors – $376,265.00
4.    Deni Carise – $585,499.00
5.    Capital One – Account # ???????? – $2,500.00
6.    PECO – Account #9026529000 – $12,034.00
7.    PECO – Account #3815114000 – $2,665.00

Total $602,698.00 + $60,270.00 + $60,270.00 = $723,238.00

$ 3,561,846.00                                                              $3,561,846.00

# BILL OF EXCHANGE
Bill of Acceptance - Time Draft

McLellan, Andrew, Trustee/Bailor/Secured Party - Creditor       Date: June 26TH, 2024
c/o PA Debtor Index File # ***~**~▮▮▮▮
4159 Whitehorse Road
PENNSYLVANIA U.S.A. [19355]

To:     Secretary of the Treasury, Department of the Treasury Bank- Ledger # 00000518

        On or by JULY 12th, 2024, Credit the account of the fiduciary/fiscal agent, **NAVY FEDERAL CREDIT UNION.**,
        as Bailee for LOAN # 8029225409 & 8032656863

**(THREE MILLION, FIVE HUNDRED SIXTY-ONE THOUSAND, EIGHT HUNDRED AND FORTY-SIXTY DOLLARS AND
ZERO CENTS) U.S. Notes**

Personal Direct Treasury (UCC Contract) Trust Account # RA- 640 339 677 US

The obligation of the Drawee (acceptor), Secretary of the Treasury, through the Bailee (authorized fiduciary agent for the Commonwealth of Pennsylvania) of Claimant's financial institution, hereof arises out of the want of consideration for the pledge and by the redemption of the pledge under Pubic Resolution HJR 192 of 5 June 1933, now Public Law 73-10, UCC § 3-419, UCC § 3-104(c), *Spencer v Sterling Bank*, 63 Cal App. 4th 1055 (1998), *Guaranty Trust Co of New York v Henwood et al.* 59 S. Ct 847, and *Witkin Negotiable Instruments*, Vol 3 (2001 Supplement) on the undersigned's UCC Contract Trust Account, represented by the attached Claim/payment plan agreement Accepted for Value and bearing the account number # 8029225409 & 8032656863.

This Claim document is hereby surrendered to Claimant as said pledge is redeemed and (discharged) by the drawer through the attached document of Acceptance for Value and Exempt from Levy. The Claimant's financial institution is to accept this bill, sign and present it directly via Certified or Registered mail, Return Receipt to the Secretary of the Treasury-Department of the Treasury. Unless the original Negotiable Instrument is dishonored in writing within **(15)** days of receipt by the Secretary of the Treasury, Claimant's financial institution is to release the credit to the payee within the time stipulated pursuant to **Regulation "Z"**, *Truth In Lending Act* or on the date designated, whichever is later. The amount of this Accepted Draft is to be credited by Claimant's financial institution to the designated account and discharge of this claim fifteen (15) days after receipt by the Federal Window **(Regulation Z)**.

**NOTICE:** The law relating to Principal and Agent applies and those between Bailor and Bailee. The Fiduciary Trustee below is authorized to execute legal documents pertaining to fiduciary matters before **Chester County** and authorized to receive and collect any sums due or owing to the trust or the estate held by the named person above and enter satisfaction in any Court of Record in **Chester County, Pennsylvania** or any other County elsewhere.

By: _____
**Bailee's** signature (authorized agent)
Accepted at **(United States Bankruptcy Court)**
601 Market Street, Pennsylvania 19106
**ATTN: Amy Chan**, Fiduciary TTEE
Authorized by the United States of America, Secretary of Treasury

Ashley M.
A.M. 6/27/24   /s/ _____, Trustee/Bailor/Secured Party - Creditor
              Without Recourse, All Rights Reserved

Document Copies...filed with the DTB and Clerk of Court-Orphans' Court.

$ 3,561,846.00                                                              $3,561,846.00

SATISFACTION OF MORTGAGE & HELOC - Case No._____

$ 723,238.00                                                                                    $723,238.00

# BILL OF EXCHANGE
Bill of Acceptance - Time Draft

McLellan, Andrew, Trustee/Bailor/Secured Party - Creditor                Date: June 26TH, 2024
c/o PA Debtor Index File # ***~**~
4169 Whitehorse Road
PENNSYLVANIA U.S.A. [19355]

To:    Secretary of the Treasury, Department of the Treasury Bank- Ledger # 00000518

       On or by JULY 12th, 2024, Credit the account of the fiduciary/fiscal agent, **U.S. Bankruptcy Court**, as Bailee

**(SEVEN HUNDRED TWENTY-THREE THOUSAND, TWO HUNDRED AND THIRTY-EIGHT DOLLARS AND ZERO CENTS) U.S. Notes**

Personal Direct Treasury (UCC Contract) Trust Account # RA- 640 339 635 US

The obligation of the Drawee (acceptor), Secretary of the Treasury, through the Bailee (authorized fiscal agent for the United States Treasury), hereof arises out of the want of consideration for the pledge and by the redemption of the pledge under Public Resolution HJR 192 of 5 June 1933, now Public Law 73-10, UCC § 3-419, UCC § 3-l04(c), *Spencer v Sterling Bank*, 63 Cal App. 4th 1055 (1998), *Guaranty Trust Co of New York v Henwood et al.* 59 S. Ct 847, and *Witkin Negotiable Instruments*, Vol 3 (2001 Supplement) on the undersigned's UCC Contract Trust Account, represented by the attached **BK** payment plan agreement Accepted for Value and bearing the account numbers herein annexed.

This Claim document is hereby surrendered to fiscal agent, as said pledge is redeemed and (discharged) by the drawer through the attached document of Acceptance for Value and Exempt from Levy. The Fiscal Agents' financial institution is to accept this bill, sign and present it directly via Certified or Registered mail, Return Receipt to the Secretary of the Treasury-Department of the Treasury. Unless the original Negotiable Instrument is dishonored in writing within **(15)** days of receipt by the Secretary of the Treasury, Fiscal Agents' financial institution is to release the credit to the payee within the time stipulated pursuant to **Regulation "Z"**, *Truth In Lending Act* or on the date designated, whichever is later. The amount of this Accepted Draft is to be credited by Fiscal Agents' financial institution to the designated accounts and discharge of all claims fifteen **(15)** days after receipt by the Federal Window (**Regulation Z**).

**NOTICE:** The law relating to Principal and Agent applies and those between Bailor and Bailee. The Fiduciary Trustee below is authorized to execute legal documents pertaining to fiduciary matters before **United States Bankruptcy Court** and authorized to receive and collect any sums due or owing to the trust or the estate held by the named person above and enter satisfaction in any Court of Record in **Pennsylvania** or any other County elsewhere.

By: _____
    **Bailee's** signature (authorized agent)
    Accepted at **(United States Bankruptcy Court)**
    601 Market Street, Pennsylvania 19106
    ATTN: ~~Amy~~ Chan, Fiduciary TTEE
    Authorized by the United States of America, Secretary of Treasury

Ashley M.
A.M. 6/27/24  /s/ _____, Trustee/Bailor/Secured Party - Creditor
                   Without Recourse, All Rights Reserved

Document Copies...filed with the DTB and Clerk of Court-Orphans' Court.

$ 723,238.00                                                                                    $723,238.00

---

ENTRY OF DEPOSIT for PAYMENT PLAN - Case No._____

## Part 10: Signatures

Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan. Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked. Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID. By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date: _____

_____
Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date: 07/11/2024

_____ , TTEE
On behalf of the Beneficiary, McLellan, andrew
ANDREW McLELLAN LIVING ESTATE TRUST
All Rights Reserved, Without Prejudice and Without Recourse

Date: _____

_____